**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTRAZENECA AB,<br>Plaintiff,<br>v.<br>AUROBINDO PHARMA LTD. ET AL.,<br>Defendant. | C.A. NO. 14-664-GMS<br>(CONSOLIDATED) |

**PLAINTIFF ASTRAZENECA AB'S OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com

*Attorneys for Plaintiff*
*AstraZeneca AB*

DATED: August 8, 2016

## TABLE OF CONTENTS

**Page**


I. NATURE AND STAGE OF THE PROCEEDING ..... 1

II. STATEMENT OF FACTS ..... 2

III. ARGUMENT ..... 3

A. Legal Standard ..... 3

B. A Stay Would Unduly Prejudice AstraZeneca and Present It with a Clear Tactical Disadvantage ..... 3

C. A Stay Will Not Simplify the Issues or Trial Because Estoppel Will Not Attach to All Parties to this Litigation ..... 5

D. The Stay Should Be Denied Because It Comes on the Eve of Trial ..... 7

IV. CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Belden Techs. Inc. v. Superior Essex Commc'ns LP*,
NO. 08-63-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) .................................................. 7

*Ben Venue Labs., Inc. v. Novartis Pharm. Corp.*,
146 F. Supp. 2d 572 (D.N.J. 2001) .......................................................................... 3

*First Am. Title Ins. Co. v. MacLaren, L.L.C.*,
C.A. No. 10-363-GMS, 2012 WL 769601 (D. Del. Mar. 9, 2012) .......................................... 3

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1330 (Fed. Cir. 2013) .............................................................................. 4

*Gold v. Johns–Manville Sales Corp.*,
723 F.2d 1068 (3d Cir. 1983) ................................................................................ 4

*ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*,
No. 1:12-cv-00054-GMS-MPT, 2012 U.S. Dist. LEXIS 124979 (D. Del. Sept. 4, 2012) ............................................................................................................ 5

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ......................................................................................... 3, 4

*LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*,
No. CV 12-1063-LPS-CJB, 2015 WL 8674901 (D. Del. Dec. 11, 2015) ................................ 7

*Power Integrations Inc. v. Fairchild Semiconductor Int'l, Inc.*,
No. 08-309-JJF-LPS, 2008 WL 5335400 (D. Del. Dec. 19, 2008) .......................................... 5

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
Nos. 12-1461, 13-335-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) .......................... 7

*Purdue Pharma L.P. v. Boehringer Ingelheim GMBH*,
237 F.3d 1359 (Fed. Cir. 2001) .............................................................................. 4

*SoftView LLC v. Apple Inc.*,
No. CIV. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ........................................ 6

## Federal Statutes

35 U.S.C. § 315 ................................................................................................ 5

35 U.S.C. § 315(b) ............................................................................................ 2

35 U.S.C. § 315(e) ....................................................................................................................5

Plaintiff AstraZeneca AB ("AstraZeneca") respectfully opposes the motion to stay of Defendants Amneal Pharmaceuticals LLC, Aurobindo Pharma Ltd., Aurobindo Pharma U.S.A., Sun Pharmaceutical Industries Ltd., Wockhardt Bio AG, and Wockhardt USA LLC (collectively "the Belated IPR Defendants").

## I. NATURE AND STAGE OF THE PROCEEDING

Beginning in May of 2014, AstraZeneca filed this series of Hatch-Waxman cases to prevent numerous Defendants from selling generic versions of two commercially marketed diabetes drugs containing the new chemical entity saxagliptin, which is specifically claimed in United States Patent No. RE44,186 ("the RE'186 Patent"). (D.I. 1, ¶¶ 1–3.) Those cases were consolidated into this action against six remaining defendant groups. Fact and expert discovery are complete. The Proposed Joint Pretrial Order has been filed. Infringement has been conceded. The only issue to be tried is the alleged obviousness of saxagliptin. The pretrial conference is set for September 9, 2016, and trial is set for five days beginning September 19, 2016.[1] The statutory stays of FDA approval for the defendant groups expire in this case in early 2017, after which defendants will be entitled to launch their generic products absent an injunction from this Court.

On the virtual eve of trial, four of the six Defendant groups have moved to stay this action until an anticipated May 2017 PTO decision in a belatedly instituted IPR proceeding involving only a subset of the Defendants and only one of the two conflicting obviousness defenses scheduled to be resolved in this Court. That motion should be denied because it is untimely, will severely prejudice AstraZeneca by delaying judgment in this action beyond the statutory stays of FDA generic approval, and likely will not eliminate the need to try this case.

[1] Contrary to the Belated IPR Defendants' contention, the parties have agreed to a five-day bench trial. *See* D.I. 338 at 20.

## II. STATEMENT OF FACTS

Almost one year after it was sued by AstraZeneca, in June of 2015, one defendant (Mylan) filed an IPR petition for post-grant review of the RE'186 Patent. *Mylan Pharm. Inc. v. AstraZeneca AB*, IPR2015-01340, paper 1 (June 4, 2015). That petition proffered expert testimony and challenged the asserted claims in the litigation under only one of the obviousness theories advanced in this litigation. AstraZeneca filed a Patent Owner's Preliminary Response, and the Patent Trial and Appeal Board ("PTAB") initially denied Mylan's petition. Mylan moved for rehearing, and following the unusual appointment of an entirely new panel and an almost 5-month delay, the PTAB recently instituted the Mylan IPR in May of 2016. Importantly, the PTAB does so in general, and did so in this case, without cross examination of petitioner's expert or consideration of contrary expert testimony from the patent owner.

Just months before trial, the Belated IPR Defendants attempted to circumvent the long-expired one-year time limit in which they could have sought an IPR (35 U.S.C. § 315(b)), by seeking belatedly to join Mylan's IPR proceeding (*see* Ex. C to Defendants' Opening Brief ("Op. Br."); *see also* Op. Br. at 1 n.1). Those motions for joinder have not yet been resolved. The Belated IPR Defendants simply copied Mylan's IPR Petition, and thus advance before the PTO only one of the two obviousness theories alleged in this litigation. The other obviousness theory remains in the litigation and is advanced by Actavis (among others). Actavis has not filed an IPR, apparently will not be subject to any estoppel flowing therefrom, and did not join the motion to stay. Indeed, even Mylan has not joined the motion to stay. Thus, if AstraZeneca is in any way successful in the IPR proceeding, this Court will still have to try all of the obviousness issues currently set for trial on September 19. The only difference will be that AstraZeneca will be unduly prejudiced by having to conduct that delayed trial while suffering actual or threatened premature generic competition, and this Court will be burdened by having to address those issues

through additional preliminary injunction proceedings. Accordingly, and for the reasons noted below, the requested stay fails to satisfy any of the criteria historically justifying such action and should be denied.

## III. ARGUMENT

### A. Legal Standard

The power to stay a case is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The factors considered in resolving a motion to stay include: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *First Am. Title Ins. Co. v. MacLaren, L.L.C.*, C.A. No. 10-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012) (citation omitted). All three factors strongly disfavor a stay in this case.

### B. A Stay Would Unduly Prejudice AstraZeneca and Present It with a Clear Tactical Disadvantage

In passing the Hatch-Waxman Act, Congress recognized the importance of resolving patent disputes prior to actual FDA generic approval and provided in the statute a stay of approval for that purpose. *See, e.g., Ben Venue Labs., Inc. v. Novartis Pharm. Corp.*, 146 F. Supp. 2d 572, 579 (D.N.J. 2001). That statutory objective will be met here if the parties go to trial on September 19, as scheduled. The final IPR hearing is not scheduled until January 2017, nearly five months away, and the parties do not expect a PTAB final written decision until May 2017 at the earliest. (*See* Ex. A.) That date is four months after the expiration of several of the

applicable statutory stays of FDA generic approval (the earliest of which is January 31, 2017), and eight months after next month's scheduled trial.

With the expiration of the regulatory stay looming and without a judgment from this Court to prevent Defendants from launching competing generic drugs, a stay would irreparably harm and unduly prejudice AstraZeneca. *Purdue Pharma L.P. v. Boehringer Ingelheim GMBH*, 237 F.3d 1359, 1368 (Fed. Cir. 2001) ("Given the testimony of the likelihood of price erosion and loss of market position . . . we see no deficiency in the district court's finding of irreparable harm."). "It is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." *Gold v. Johns–Manville Sales Corp.*, 723 F.2d 1068, 1075–76 (3d Cir. 1983) (quoting *Landis*, 299 U.S. at 255). Defendants have not shown any hardship, and certainly no hardship to counter the prejudice to AstraZeneca of premature generic competition.

A stay would also provide Defendants an unwarranted tactical advantage. Because AstraZeneca timely filed these actions years ago, and because this Court's September 19 trial was scheduled long before the IPR hearing, AstraZeneca could reasonably have expected to have the benefit of this Court's decision on the obviousness issues before the PTAB rules in May of next year on the same issues. The requested stay would unjustifiably deny that benefit to AstraZeneca, reverse the natural order of decisions, and deny AstraZeneca the opportunity to secure timely affirmance of a positive Court decision. *See generally Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) (describing the race to appellate affirmance arising from conflicting PTO and district court decisions). In addition, a stay would allow the Belated IPR Defendants to press certain validity positions in the IPR, and then have Actavis present variations

of or additions to those positions at a later trial in this Court. The Court should deny Defendants' efforts to obtain these tactical advantages.

The stay, if granted, would also prejudice this Court. By delaying this Court's judgment until after expiration of the stays of FDA approval, there will inevitably be additional preliminary injunction proceedings to block any "at-risk" launch. The motion to stay ignores that such unnecessary motions practice would unduly burden the Court.

**C. A Stay Will Not Simplify the Issues or Trial Because Estoppel Will Not Attach to All Parties to this Litigation**

Even under Defendants' best-case scenario regarding joinder, estoppel will not attach to every defendant in this suit and will, therefore, not simplify or narrow the issues at trial. Estoppel only applies once the PTAB issues its final written decision and even then only extends to the "petitioner," the "real party in interest," and any "privy of the petitioner." *See* 35 U.S.C. § 315. Estoppel apparently will not apply to the Belated IPR Defendants unless the PTAB grants each of their joinder motions (*see* Exs. C–E to Op. Br.), and estoppel will apparently not apply to Actavis at all (*see* Op. Br. at 1 n.1 (stating that Actavis "did not seek to be joined in the IPR")). Thus, at least Actavis could apparently assert any prior art or obviousness theory during trial—even the very combinations and theories currently under review at the PTAB. *See* 35 U.S.C. § 315(e). Barring an unlikely sweep of every claim of the RE'186 Patent at the PTAB, Actavis' posture assures that the stay will not likely narrow or simplify the issues for trial.[2]

---

[2] Belated IPR Defendants arguments largely presuppose that the PTAB will invalidate all claims. *See, e.g.*, Op. Br. at 5. Yet, those unsupported and speculative arguments amount to nothing more than a "vague assertion of 'simplification of issues' [that] can be argued in every case." *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, No. 1:12-cv-00054-GMS-MPT, 2012 U.S. Dist. LEXIS 124979 at *13 (D. Del. Sept. 4, 2012)) (citations omitted); *see also Power Integrations Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 08-309-JJF-LPS, 2008 WL 5335400, at *2 (D. Del. Dec. 19, 2008) ("No one can predict the outcome or the timing of these [PTO] proceedings.").

The Belated IPR Defendants attempt to remove any estoppel concern by suggesting that they "would agree to be bound by the ultimate decision of Mylan's IPR petition" (Op. Br. at 1, 7), but that position does nothing to address the fact that Actavis apparently remains free to challenge the claims in litigation under any theory. Moreover, such a vague and conditional suggestion to agree in the future to be "bound" raises more questions than it answers. The Belated IPR Defendants conspicuously have not unconditionally agreed that they would be estopped to raise any defense that was "or could have been" raised in the IPR. Indeed, it appears they are contending that their belated joinder attempt estops them, at most, only as to issues previously raised by Mylan. In such vague situations, this Court disfavors a stay. *See, e.g.*, *SoftView LLC v. Apple Inc.,* No. CIV. 10-389-LPS, 2012 WL 3061027, at *3 (D. Del. July 26, 2012) ("[L]imited scope of [defendants'] willingness to be bound by the outcome of reexamination proceedings disfavors a stay").

A stay is also disfavored because a total sweep in the IPR is unlikely. As noted above, the decision to institute an IPR is made before the patent owner has had an opportunity to cross examine the underlying expert testimony or to present contrary expert testimony. The cross examination of Mylan's expert and the contrary testimony from AstraZeneca's expert presented to the PTAB on August 3, 2016 (*see* Patent Owner's Response attached hereto as Ex. B), establish that the IPR petition was devoid of merit and unlikely to succeed. For example, Mylan's expert admitted to applying an improper legal standard in his obviousness analysis by discounting as potential "lead compounds" more advanced prior-art compounds because he knows *today* that they were not ultimately successful. Accordingly, the IPR is unlikely to be successful and thus unlikely to narrow or simplify the issues for trial.

### D. The Stay Should Be Denied Because It Comes on the Eve of Trial

"[W]hen a request for [PTO] review comes after discovery is complete or nearly complete, and a trial is imminent, a stay is less likely to be granted." *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, Nos. 12-1461, 13-335-LPS-CJB, 2014 WL 3819458, at *3 (D. Del. Jan. 15, 2014); *see also Belden Techs. Inc. v. Superior Essex Commc'ns LP*, NO. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010).

Fact and expert discovery closed nearly six months ago, this Court set a trial date nearly two years ago, the parties filed the Proposed Joint Pretrial Order last week (D.I. 338), and trial will commence in September over a five-day period (*see id.* at 20). AstraZeneca has devoted significant time and resources to prepare for its day in court next month, and the late stage of this case clearly favors denying a stay. *Princeton Digital*, 2014 WL 3819458, at *3 ("[t]he principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion."); *see LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, No. CV 12-1063-LPS-CJB, 2015 WL 8674901, at *4 (D. Del. Dec. 11, 2015) ("[V]iewed in terms of how long it has been pending . . . . I see no reason to further delay or in any way risk delaying [this case]."). Moreover, the Belated IPR defendants could have filed IPR petitions any time in the last two years, could have attempted to join the Mylan petition when it was filed more than a year ago, and could have moved for a stay when Mylan's petition was granted three months ago. They failed to act diligently at every turn and should not now be heard to contend that all the intervening trial preparation should be simply put aside to allow them to pursue a belated and unmeritorious parallel proceeding in the PTO.

## IV. CONCLUSION

For the reasons set forth above, AstraZeneca respectfully requests that the Court deny Defendants' motion to stay.

Dated: August 8, 2016

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver

Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Daniel J. Brown (#4688)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
*mkelly@mccarter.com*
*dsilver@mccarter.com*
*djbrown@mccarter.com*

Eric E. Grondahl
MCCARTER & ENGLISH, LLP
CityPlace I
185 Asylum St.
Hartford, CT 06103
(860) 275-6704
*egrondahl@mccarter.com*

*Attorneys for Plaintiff AstraZeneca AB*

Of Counsel:

Charles E. Lipsey
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
(571) 203-2700
*charlie.lipsey@finnegan.com*

James B. Monroe
Robert F. Shaffer
Nicole A. Conlon
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000
*james.monroe@finnegan.com*
*robert.shaffer@finnegan.com*
*nicole.conlon@finnegan.com*

John D. Livingstone
M. David Weingarten
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
271 17th Street, NW, Suite 1400
Atlanta, GA 30363
(404) 653-6400
*john.livingstone@finnegan.com*
*david.weingarten@finnegan.com*